UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT WHITTLE,

                    Petitioner,

          -against-

LISA ANDERSON, ACTING
SUPERINTENDENT, EASTERN
CORRECTIONAL FACILITY,

                    Respondent.

25-CV-6503 (JGLC)

**OPINION AND ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

Pro se Petitioner Robert Whittle filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging an enhanced sentence imposed because of his status as a persistent violent felony offender. Because Petitioner's status as a persistent violent felony offender was constitutionally determined, and the underlying criminal indictment was valid, the Petition is denied.

## BACKGROUND

On October 22, 2009, Petitioner Robert Whittle was convicted of "burglary in the second degree, robbery in the third degree, [and] criminal possession of stolen property in the fourth [and fifth degrees]" in the Westchester County Court. ECF No. 13-3 at 777:20–23, 778:2–4, 778:19–779:1. On February 3, 2010, Petitioner and his counsel were served with an Amended Persistent Felony Offender Conviction Statement pursuant to New York Criminal Procedure Law ("C.P.L.") Section 400.20. ECF No. 12-2. The statement set forth that Petitioner had "four predicate convictions for which [he] was previously convicted," and concluded that Petitioner should be "adjudicated a persistent felony offender." *Id.* at 1. On December 10, 2009, and March

22, 2010, Petitioner responded in opposition regarding the persistent felony offender status. ECF No. 12-3.

On April 16, 2010, the Westchester County Court determined at a sentencing hearing that Petitioner was a mandatory persistent violent felony offender, and for the count of burglary in the second degree, sentenced Petitioner to an indeterminate term of imprisonment of twenty years to life, along with other concurrent sentences. ECF No. 13-5 at 88:15–89:13. The court identified two predicate prior violent offenses: a February 26, 1980 robbery in the first degree and an October 29, 1986 burglary in the second degree. *Id.* at 3:8–10.

An Assistant District Attorney of Westchester County ("the People") introduced Petitioner's certificates of conviction for each of these offenses at the sentencing hearing. *Id.* at 3:11–25, 5:8–6:13. The November 26, 1986 certificate of conviction from the Westchester County Supreme Court indicated that at that time, Petitioner was sentenced as a second violent felony offender. *Id.* at 5:8–6:17. At the sentencing hearing, the People moved into evidence fingerprint records and called an identification specialist to testify to the fact that Petitioner was in fact the individual convicted in the predicate felonies. *Id.* at 17:6–32:2. The People also introduced a certificate of incarceration and called the commanding officer of the Westchester County Department of Correction Field Intelligence Unit as evidence that Petitioner was incarcerated as a result of the predicate convictions. *Id.* at 32:4–34:5, 35:15–36:8, 38:5–41:1. Furthermore, the People introduced into evidence the transcript of a sentencing proceeding on January 13, 1994, in which Petitioner admitted to his November 26, 1986 burglary in the second degree conviction *Id.* at 42:17–23, 43:17–44:9. Petitioner also testified at his sentencing hearing, and expressly acknowledged that he was "the person who was in court on February 26 of 1980

[and] ple[d] guilty to robbery in the first degree" and that "[he had] done all those things that [he] said [he did] in the past." *Id.* at 64:13–16, 87:25–88:2.

Following Petitioner's testimony, the court determined that "the People did . . . prove beyond a reasonable doubt that [Petitioner] was convicted . . . [of] those two predicate violent felony convictions." *Id.* at 79:20–80:14. The court specifically determined that Petitioner waived his right to challenge the 1980 conviction, and that "the proof is still sufficient based on what has been presented before the [c]ourt that the People have proven beyond a reasonable doubt that it was [Petitioner] convicted of that crime and that it was lawfully and [c]onstitutionally obtained." *Id.* at 81:2–22.

Thereafter, on November 28, 2011, Petitioner appealed both his conviction and his sentencing to the Appellate Division, Second Department, challenging the admission of certain evidence, certain conduct by the prosecution, and, as is most relevant here, "the constitutionality of New York's persistent violent felony offender statute." *People v. Whittle*, 956 N.Y.S.2d 581, 582 (2d Dep't 2013); ECF No. 12-5. On January 9, 2013, the Appellate Division affirmed Defendant's conviction and sentencing, and on March 25, 2013, the New York Court of Appeals denied his leave to appeal. *Whittle*, 956 N.Y.S.2d at 582; ECF No. 12-7; *People v. Whittle*, 20 N.Y.3d 1105 (2013); ECF No. 12-10. Because Petitioner did not file a petition for writ of certiorari to the Supreme Court of the United States, the criminal judgment became final ninety days after the Appellate Division's affirmance, on June 23, 2013. Sup. Ct. R. 13(1).

Subsequently, on October 16, 2024, Petitioner filed a C.P.L. Section 440.10 motion in the Westchester County Supreme Court, seeking to vacate his sentence as illegally imposed pursuant to the Supreme Court's decision in *Erlinger v. United States*, 602 U.S. 821 (2024). ECF No. 12-11. In *Erlinger*, the Court held that a defendant is entitled to a jury determination regarding

whether the defendant's past offenses were committed on separate occasions for the purposes of sentencing under the Armed Career Criminal Act. *See* 602 U.S. at 835–36. However, this holding is framed as a mere application of the Supreme Court's decision in *Apprendi*, *see id.*, in which a judge may still determine the fact of a prior conviction without a jury, *Apprendi v. New Jersey*, 540 U.S. 466, 488–90 (2000). Petitioner argued that the judge, and not a jury, needed to determine that he was a persistent violent felony offender for that enhancement to apply. *See* ECF No. 12-11. On May 2, 2025, the Westchester County Court denied Petitioner's Section 440.10 motion, noting first that Petitioner should have moved under C.P.L. Section 440.20, because Section 440.10 only allows challenges to the validity of the conviction, not the validity of the sentence. ECF No. 12-14 at 2. The Westchester County Court also held that Petitioner's claims nevertheless failed on the merits. *Id*. at 3.

Petitioner did not seek leave to appeal denial of his Section 440.10 motion. Rather, on July 1, 2025, Petitioner filed a motion to reargue the Westchester County Court's denial of his Section 440.10 motion. ECF No. 12-15. On October 22, 2025, the Westchester County Court denied Petitioner's motion to reargue because his "motion to reargue [was] predicated upon the same arguments made in the original" Section 440.10 motion, and he did not "demonstrate[] that the [Westchester County] Court misapprehended or overlooked any law or fact." ECF No. 17-2 at 1. On November 5, 2025, Petitioner filed a motion for leave to appeal to the Appellate Division the denial of his motion to reargue his Section 440.10 motion. ECF No. 17-3.

On August 5, 2025, pending his motion to reargue, Petitioner filed the instant Petition for Writ of Habeas Corpus challenging his sentence as a persistent felony offender. ECF No. 1. Petitioner argues that his enhanced sentencing was unconstitutional under *Erlinger* because the state court judge, rather than a jury, made the determination of Petitioner's persistent violent

4

felony offender status. ECF No. 1 at 6. On September 15, 2025, this Court ordered Respondents to respond to the Petition, but only as to "whether Petitioner's claim is fully exhausted." ECF No. 6 at 1. On October 29, 2025, the Government filed its Response. *See* ECF Nos. 11–12. On November 17, 2025, Petitioner filed his Reply. ECF No. 14.

On December 4, 2025, Petitioner filed a letter, newly raising the invalidity of his indictment. ECF No. 15 at 1. Petitioner argued that the indictment in the underlying criminal case was not signed by the grand jury foreperson. *Id.* at 2. Subsequently, on December 10, 2025, the Court ordered supplemental briefing on the merits of Whittle's Petition. ECF No. 16. On January 8, 2026, the Government filed a supplemental memorandum of law. ECF No. 17. On January 12, 2026, the Appellate Division, Second Department denied Petitioner's motion for leave to appeal the denial of his motion to reargue. ECF No. 18 at 2. On January 23, 2026, Respondent filed a reply to the Government's supplemental briefing on the merits. ECF No. 19.

## LEGAL STANDARD

28 U.S.C. § 2254(a) provides that a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." An application for a writ of habeas corpus must not be granted unless the applicant has first "exhausted the remedies available" in the applicable state courts, "there is an absence of available State corrective process," or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Nevertheless, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

In considering habeas corpus petitions, federal courts apply a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (internal citation and internal quotation marks omitted). "The petitioner carries the burden of proof." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Additionally, "review under § 2254(d)(1) [of an adjudication on the merits by a state court] is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.* Furthermore, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). "The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*

## DISCUSSION

As an initial matter, the Court declines to resolve whether Petitioner's claims are exhausted. Pursuant to 28 U.S.C. Section 2254(b)(1), "[b]efore a federal court may grant habeas relief to a prisoner in state custody, the prisoner must exhaust his or her state court remedies." *Galdamez v. Keane*, 394 F.3d 68, 72 (2d Cir. 2005). The parties dispute whether Petitioner has exhausted his claims and have briefed the issue. However, because the Court denies the Petition on its merits, it needs not, and does not, resolve whether Petitioner's claims are exhausted. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *Williams v. McCarthy*, 708 F. Supp. 3d 309, 327 (W.D.N.Y. 2023) (internal quotation marks omitted) ("Because all of the petition's claims are readily denied on the merits, and because the potentially unexhausted claims in particular are unquestionably meritless, the Court

will exercise its discretion to bypass the issues of exhaustion and procedural default.”). Therefore, the Court proceeds to the merits of Petitioner’s claims.

The Court first finds that Petitioner’s *Erlinger* argument fails because *Erlinger* does not apply to the facts of this case, does not apply retroactively, and even if it did apply to this case, a failure to follow *Erlinger* would only constitute harmless error. Furthermore, Petitioner's claim regarding his indictment’s validity also fails.

### I.        Petitioner’s *Erlinger* Argument Fails

Petitioner argues that *Erlinger* renders his sentencing as a persistent violent felony offender “contrary to . . . established law, as determined by the Supreme Court of the United States.” ECF No. 1. In *Erlinger*, the Supreme Court extended *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in determining that in the context of the Armed Career Criminals Act, a jury must unanimously determine whether “a defendant’s past offenses were committed on separate occasions” beyond a reasonable doubt. *Erlinger*, 602 U.S. at 821. In other words, “[t]he Supreme Court in *Erlinger* held that the ‘fact-laden task’ of evaluating the ‘times, locations, purpose, and character’ of prior offenses to determine whether they were committed on separate occasions must be undertaken by the jury; it expressly did not revisit its decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which permits a judge to find ‘the fact of a prior conviction’ and ‘determine what crime, with what elements, the defendant was convicted of.’” *Wells v. King.*, No. 25-CV-05651 (LJL), 2026 WL 1362969, at *21 (S.D.N.Y. May 15, 2026) (internal citation omitted). Thus, *Erlinger* does not apply to Petitioner’s case because it does not prohibit, as happened here, a judge finding the fact of prior convictions. *See id.* (“*Erlinger* thus provides no support for Petitioner’s argument that a jury was required to determine whether Petitioner should

have been sentenced as a violent felony offender, which designation was premised solely on the fact of his prior convictions.") (cleaned up).

Furthermore, courts in this circuit and a New York state court have determined that *Erlinger* does not apply retroactively. *See United States v. Hicks*, No. 15-CR-33 (RJA), 2025 WL 3640883, at *10 (W.D.N.Y. Dec. 16, 2025); *Forrest v. McGuinness*, No. 21-CV-5853 (HG), 2025 WL 1677350, at *2 (E.D.N.Y. June 13, 2025) ("While the Second Circuit and courts in this district have not yet considered whether *Erlinger*. . . applies retroactively, the Court agrees with the well-reasoned analysis in *People v. Taylor*, 224 N.Y.S. 3d 345, 351–52 (N.Y. Sup. Ct. 2024), that *Erlinger* does not[.]"); *see also Forbes v. United States*, 262 F.3d 143, 145 (2d Cir. 2001) (per curiam) (noting that "it is clear that *Apprendi* is not a new rule of constitutional law which has been made retroactive to cases on collateral review by the Supreme Court").

Finally, *Erlinger* errors are subject to "harmless-error analysis." *United States v. Saunders*, No. 23-6735-CR, 2024 WL 4533359, at *2 (2d Cir. Oct. 21, 2024). In this case, even if a jury determination was required to find that Petitioner was convicted of the predicate violent felonies, "the record makes clear beyond a reasonable doubt that a rational jury would find that" Petitioner was in fact of convicted of the predicate felonies. *Id.* at *3. At Petitioner's sentencing hearing, the People introduced Petitioner's certificates of conviction for each of these offenses, fingerprint records supporting that Petitioner was so convicted, certificates of incarceration, and a transcript of a sentencing proceeding in which Petitioner admitted to his November 26, 1986 burglary in the second degree conviction. *See supra* Background. This evidence supports the fact of Petitioner's convictions, so even if there was error in the judge making this determination, rather than a jury, this error would clearly be harmless. Therefore, the Court denies Petitioner's argument that *Erlinger* would render his sentence unconstitutional.

## II.    Petitioner's Indictment Was Valid

Petitioner's claim that his May 1, 2009 indictment was insufficient because it lacked the jury foreperson's signature is baseless. Here, Petitioner claims that the indictment "was not signed by the grand jury foreperson and there was no way of telling or not, if the grand jury has voted to accuse Petitioner." ECF No. 15 at 2. However, the attached indictment shows the foreperson's electronic signature on the signature line. *Id.* at 6. There are no facts or laws to support that this electronic signature was invalid, or that the jury foreperson was not the individual who signed Petitioner's indictment. Furthermore, even if the grand jury foreperson's signature was missing, courts have rejected this argument as a basis for habeas relief absent circumstances not present here. *See, e.g.*, *Wingate v. Titus*, No. 21-CV-616 (AMD) (LB), 2023 WL 5045101, at *8 (E.D.N.Y. Aug. 8, 2023) (citing *Nordahl v. Rivera*, No. 08-CV-5565 (KMK) (LMS), 2013 WL 1187478, at *5 (S.D.N.Y. Mar. 21, 2013)). Therefore, Petitioner's claim fails, because the foreperson did validly sign Petitioner's indictment and in any event, such an error could not serve as basis for habeas relief. In conclusion, Whittle's Petition fails as to all claims on the merits.

### CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus is DENIED. The Clerk of Court is directed to CLOSE this case. The Clerk of Court is also directed to mail a copy of this Order and Opinion to Petitioner.

Dated:  May 27, 2026
        White Plains, New York

SO ORDERED.

_____
JESSICA G. L. CLARKE
United States District Judge

9